IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARIA CARRILLO, | ) | No. CV-F-06-634 OWW/WMW |
| | ) | |
| | ) | ORDER DENYING PLAINTIFF'S |
| | ) | COUNSEL'S MOTION TO WITHDRAW |
| Plaintiff, | ) | AS MOOT (Doc. 23), DENYING |
| | ) | DEFENDANTS' MOTION TO |
| vs. | ) | DISMISS (Doc. 16), AND |
| | ) | DENYING DEFENDANTS' REQUEST |
| | ) | FOR RECONSIDERATION |
| CITY OF FRESNO, et al., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

   Before the Court is the Motion to Withdraw As Attorney of Record for Plaintiff Maria Carrillo filed by Plaintiff's counsel, Juan Falcon.

   The motion to withdraw was opposed by Defendants. At the hearing on May 21, 2007, Maria Carillo personally appeared and objected to Mr. Falcon's withdrawal. Mr. Falcon represented in open court that he will remain counsel of record for Plaintiff because Plaintiff would not consent to his withdrawal. Consequently, the Motion to Withdraw as Counsel of Record is DENIED as moot.

Defendants also request reconsideration of the oral denial on March 19, 2007 of their motion to dismiss this action for failure to comply with the Federal Rules of Civil Procedure governing discovery and court orders imposing monetary sanctions.[1]

In their initial motion to dismiss this action, Defendants sought dismissal because of Mr. Falcon's repeated failures to respond to Defendants' counsel's correspondence and to court orders compelling discovery.

On June 13, 2006, Defendants' counsel sent a letter to Mr. Falcon seeking cooperation in preparing the Joint Scheduling Report and regarding Rule 26 obligations. (Doc. 16, Motion to Dismiss, Ex. 1). Mr. Falcon failed to respond to this letter. On July 17, 2006, Defendants' counsel sent another letter to Mr. Falcon seeking cooperation with Rule 26 obligations. (Doc. 16, Motion to Dismiss, Ex. 2). Mr. Falcon again failed to respond. On August 11, 2006. Defendants sent Mr. Falcon initial Rule 26 disclosures and propounded interrogatories, requests for admissions, and requests for document production. Mr. Falcon failed to respond to the disclosures and discovery requests. On September 14, 2006, Defendants' counsel sent another request to Mr. Falcon seeking cooperation in the preparation of the Joint Scheduling Report for the October 4, 2006 Scheduling Conference,

---

[1] **Because Defendants' request reconsideration of the oral Order denying the motion to dismiss before a formal Order denying the motion was filed, this Order also constitutes the formal denial of the motion to dismiss.**

and seeking Rule 26 disclosures and responses to the propounded discovery. On September 16, 2006, Mr. Falcon sent belated responses to the interrogatories, but did not respond to the requests for admissions or document production, and did not request an extension of time to respond.

On October 4, 2006, Mr. Falcon appeared at the Scheduling Conference and explained that his failures to respond were due to his being in trial. Plaintiff was ordered to provide initial Rule 26 disclosures no later than October 13, 2006. Mr. Falcon did not comply. Defendants filed a motion to compel on November 13, 2006. (Doc. 12). By Order filed on December 13, 2006, Plaintiff was ordered to file initial Rule 26 disclosures and to respond to the outstanding discovery requests within 10 days from service of the Order, and was ordered to pay sanctions in the amount of $740. Mr. Falcon did not comply with the December 13, 2006 Order.

On January 2, 2007, Defendants filed the motion to dismiss the action for failure to comply with court orders. The motion was noticed for hearing on February 5, 2007. However, by Minute Order filed on January 19, 2007, the motion to dismiss was continued to March 19, 2007. On February 14, 2007, Mr. Falcon sent Defendants a check for $740 as well as incomplete and belated document production responses. Defendants' counsel sent a letter to Mr. Falcon on February 15, 2007, offering to withdraw the motion to dismiss if Mr. Falcon complied with the December 13, 2006 Order requiring compliance with Rule 26, amended the

3

1 Rule 34 production responses, and paid an additional $750 in
2 sanctions for the filing of the motion to dismiss, giving Mr.
3 Falcon until March 1, 2007 to comply.  As of March 1, 2007,
4 Defendants had not received the requested responses, although Mr.
5 Falcon sent a FAX claiming that compliance was forthcoming.  In
6 orally denying the motion to dismiss at the March 19, 2007
7 hearing, Mr. Falcon was ordered to pay to Defendants an
8 additional sanction in the amount of $750.00, which sanction has
9 been paid.  Defendants now add Mr. Falcon's failure to file
10 "proper substitution papers", contending that he "instead filed
11 unverified Motion to Withdraw as Attorney."

   Rule 37(b)(2)(C) allows the following sanctions for failures to comply with discovery:

> (C) An order striking out pleadings or parts
> thereof, or staying further proceedings until
> the order is obeyed, or dismissing the action
> or proceeding or any part thereof, or
> rendering a judgment by default against the
> disobedient party.

"Where it is determined that counsel or a party has acted willfully or in bad faith in failing to comply with the rules of discovery or with court orders enforcing the rules or in flagrant disregard of those rules or orders, it is within the discretion of the trial court to dismiss the action or to render judgment by default against the party responsible for the noncompliance."  *G-*

*K Properties v. Redevelopment Agency of the City of San Jose*, 577 F.2d 645, 647 (9th Cir.1978). "Disobedient conduct not shown to be outside the control of the litigant is all that is required to demonstrate willfulness, bad faith, or fault." *Henry v. Gill Industries, Inc.*, 983 F.2d 943, 948 (9th Cir.1993). "Litigants who are willful in halting the discovery process act in opposition to the authority of the court and cause impermissible prejudice to their opponents. It is even more important to note, in this era of crowded dockets, that they also deprive other litigants of an opportunity to use the court as a serious dispute-settlement mechanism." *G-K Properties*, *id.*

The record described above establishes that Mr. Falcon's failures to timely respond to Defendants' discovery requests and court orders was willful in the sense that his conduct was not outside of his control.

In deciding whether a sanction of dismissal for noncompliance with discovery is appropriate, the district court must weigh five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the party seeking discovery; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Computer Task Group, Inc. v. Brotby*, 364 F.3d 1112, 1115 (9th Cir.2004). "Where a court order is violated, the first and second factors will favor sanctions and the fourth will cut against them ... Therefore, whether terminating sanctions [are]

5

appropriate ... turns on the third and fifth factors." *Id.*

With regard to the third factor, the risk of prejudice to Defendants, Defendants argue for reconsideration of the oral denial. Defendants reiterate that they have extended every courtesy and opportunity to Mr. Falcon to comply with the discovery obligations and have made every diligent effort to engage in the discovery necessary to prepare a meaningful defense. Mr. Falcon has ignored those efforts, the procedural rules governing discovery, and court orders compelling discovery. Defendants contend:

> At this point, the prejudice to Defendants is clear - Plaintiff simply will not fully comply with valid discovery requests, the Federal Rules or multiple Orders of the Court. As such, Defendants have been deprived of the ability to prepare a meaningful defense and continue to incur otherwise unnecessary costs seeking the Court's intervention to gain Plaintiff's compliance.

In *Payne v. Exxon Corp.*, 121 F.3d 503, 508 (9th Cir.1997), the Ninth Circuit explained:

> We have held that '[f]ailure to produce documents as ordered ... is considered sufficient prejudice.' ... 'Belated compliance with discovery orders does not preclude the imposition of sanctions. Last-minute tender of documents does not cure the prejudice to opponents nor does it restore to other litigants on a crowded docket the opportunity to use the courts.' ... The issue is not whether Exxon and VECO eventually obtained the information they needed, or whether plaintiffs are now willing to provide it, but whether plaintiffs' repeated failure to provide documents and information in a timely manner prejudiced the ability of Exxon and VECO to prepare their case for trial ...

6

> Many of the discovery responses eventually tendered by the plaintiffs came only as the discovery period was drawing to a close, or after it had already closed. Exxon and VECO were therefore deprived of any meaningful opportunity to follow up on that information, or to incorporate it into their litigation strategy.

Here, Defendants have not demonstrated that the failure to timely comply with discovery procedures and the Court Orders prejudiced Defendants' ability to prepare their case for trial. Defendants make no contention that Mr. Falcon has not provided the discovery promised in his March 1, 2007 FAX to Defendants. Pursuant to the Scheduling Order, discovery cut-off is June 5, 2007. Defendants make no representation that the belated provision of discovery by Mr. Falcon has prevented them from completing discovery by this date. Further, other than Mr. Falcon's failure to file "proper substitution papers", *see discussion supra*, Defendants' contentions concerning prejudice were considered in denying the initial motion to dismiss.

With regard to the availability of lesser sanctions, Defendants, although acknowledging that Mr. Falcon belatedly paid the $740 sanction imposed by the December 13, 2006 Order and has paid the $750 sanction imposed on March 19, 2007, Defendants assert that "[e]ven lesser such lesser sanctions have still not achieved the underlying objective of gaining Plaintiff's full compliance with outstanding discovery, the Federal Rules and three Orders of this Court."

Again, Defendants have not shown that Mr. Falcon has not

7

1 **provided the discovery promised in his March 1, 2007 FAX to**
2 **Defendants.  Defendants argue that Mr. Falcon failed to file**
3 **"proper substitution papers".  *See discussion supra.*  Because Mr.**
4 **Falcon will remain as counsel of record for Plaintiff, this lapse**
5 **does not provide a basis for reconsideration of the oral order**
6 **denying the motion to dismiss.  Defendants' arguments concerning**
7 **the ineffectiveness of lesser sanctions were considered and**
8 **rejected by the Court in its oral denial of the motion to**
9 **dismiss.**

10 **Defendants have not demonstrated that reconsideration of the**
11 **oral order denying their motion to dismiss is appropriate and the**
12 **request is DENIED.[2]**

13 IT IS SO ORDERED.

14 **Dated:   May 30, 2007**                        /s/ Oliver W. Wanger
                                            UNITED STATES DISTRICT JUDGE

---

[2]**Defendants requested attorneys' fees as a sanction for having to oppose the motion to withdraw as counsel of record. Defendants note that Mr. Falcon did not advise that he intended to remain as counsel of record because of Plaintiff's lack of consent until the hearing on May 21, 2007. Mr. Falcon's failure to advise Defendants and the Court until the hearing that the motion to withdraw was moot is one of the incidents of litigation. Defendants' request for the monetary sanction is denied. However, depending on the outcome of this litigation, Defendants may seek to recover attorneys' fees and expenses incurred in opposing the motion to withdraw as counsel of record, which request will be considered by the Court.**