1

2

3

4                    **UNITED STATES DISTRICT COURT**

5                    **EASTERN DISTRICT OF CALIFORNIA**

6

7  | **MARIA CARRILLO,** | **1:06-CV-00634 OWW LJO** |

8  |        **Plaintiff,** |

9  |    **v.** | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS PURSUANT TO F. R. Civ. P 37(b)(2)(C)** |

10 | **CITY OF FRESNO, FRESNO CITY POLICE CHIEF JERRY DYER,** |

11 | **FRESNO CITY POLICE OFFICER DAVID COAN, and DOES 1 through** |

12 | **100, inclusive,** |

13 |        **Defendants.** |

14

15                    **1.   INTRODUCTION**

16      This matter comes before the court on Defendants' motion to

17 dismiss Plaintiff's complaint as a sanction under F. R. Civ. P.

18 37(b)(2)(C).  Defendants removed this action from The Superior

19 Court for the State of California in the County of Fresno.

20 Defendants argue that they have made repeated attempts to

21 cooperate with Plaintiff's counsel on discovery.  One order has

22 been issued mandating Plaintiff's counsel to comply with

23 Defendants' discovery requests.  Plaintiff's counsel has either

24 failed to respond to Defendants' discovery requests or has

25 delayed his discovery responses.  Defendants seek the dismissal

26 of this action as a sanction for opposing counsel's lack of

27 response.

28 //

                              **1**

1

## 2.  PROCEDURAL BACKGROUND

2      Plaintiff filed her initial complaint in Superior Court for

3   the State of California in the County of Fresno on April 24,

4   2006.  (Doc. 2, Notice of Removal, Ex. 1, Filed May 22, 2006.)

5   Defendants removed Plaintiff's complaint to federal district

6   court on May 22, 2006.  (Doc. 2, Notice of Removal.)  On January

7   2, 2007 Defendants filed a motion to dismiss for failure to serve

8   initial disclosures and failure to respond to production of

9   documents.  (Doc. 16, Motion to Dismiss for Failure to Comply

10   with Court Orders.)  On March 2, 2007 Defendants filed a reply

11   and statement of non opposition to their Motion to Dismiss.

12   (Doc. 19, Reply and Statement of Non Opposition.)  On March 5,

13   2007 Plaintiff filed an opposition to Defendant's motion to

14   dismiss.  (Doc. 20, Opposition to Motion to Dismiss.)

15

## 3.  FACTUAL BACKGROUND

16      This motion arises from failure to respond by Plaintiff's

17   counsel to Defense counsel's correspondence and to court orders

18   mandating discovery.  On June 13, 2006, Defense counsel sent a

19   letter to Plaintiff's counsel seeking cooperation to prepare the

20   Joint Scheduling Report and regarding Rule 26 obligations.  (Doc.

21   16, Motion to Dismiss, Ex. 1.)  Plaintiff's counsel failed to

22   respond to this letter.  On July 17, 2006 Defense counsel sent

23   another letter to Plaintiff's counsel seeking cooperation with

24   Rule 26 obligations.  (Doc. 16, Motion to Dismiss, Ex. 2.)

25   Plaintiff's counsel again failed to respond.  On August 11, 2006

26   Defendants sent Plaintiff's counsel initial Rule 26 disclosures

27   and propounded interrogatories, request for admissions, and

28   document production requests.  Plaintiffs counsel failed to

**2**

respond to the disclosures and discovery requests.  On September
14, 2006, with the rapidly approaching Scheduling Conference set
for October 4, 2006, Defense counsel sent another letter to
Plaintiff's counsel seeking cooperation with preparation of the
Joint Report, Rule 26 disclosures, and the late discovery
responses.  (Doc. 16, Motion to Dismiss, Ex. 3.)  On September
16, 2006 Plaintiff's counsel sent belated interrogatory
responses, but no responses to the document requests, no
responses for requests for admissions, or for time extension for
remaining discovery.

On October 4, 2006 Plaintiff's counsel made an appearance at
the Scheduling Conference explaining that his lack of response
was due to his being in trial.  Plaintiff was ordered to provide
initial Rule 26 disclosures no later than October 13, 2006.
Plaintiff's counsel did not provide the disclosures by that date.
On November 13, 2006, not having received the Rule 26
disclosures, Defendants filed a motion to compel.  (Doc. 12,
Motion to Compel.)  Plaintiff's counsel failed to respond to
Defendants' motion to compel.  On December 13, 2006 an order
issued mandating that Plaintiff provide initial Rule 26
disclosures and outstanding Rule 34 production no later than 10
days from date of the Order and imposed a sanction for $740.00.
(Doc. 15, Order on Defendant's Motion to Compel.)  Plaintiff's
counsel did not meet the deadline of this Court's order.

It was not until after Defendants filed this motion to
dismiss the case that Plaintiff's counsel sent Defendants a check
for $740.00 on February 14, 2007 as well as incomplete and
belated document production responses.  Defendants sent another

**3**

letter to Plaintiff's counsel on February 15, 2007 offering to withdraw this motion if Plaintiff's counsel complied with the Court's order requiring compliance with Rule 26, if Plaintiff amended the Rule 34 production responses, and Plaintiff paid an additional $750.00 in sanctions for the cost of Defendants having to bring the current motion.  Defendants gave Plaintiff's counsel a deadline of March 1, 2007 to comply.  As of March 1, 2007 Defendants did not receive the requested responses.  However, Plaintiff's counsel sent a FAX claiming that compliance was forthcoming.

### 4.  **LEGAL STANDARD**

The issuance of sanctions for noncompliance with discovery rules is governed by Federal Rule of Civil Procedure 37.  Rule 37(b)(2)(C) provides:

> If a party or an officer, director, or managing agent of a party... fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule or Rule 35, or if a party fails to obey an order entered under Rule 26(f), the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
>
> (C)  An order striking out pleadings or parts thereof, or rendering a judgment by default against the disobedient party.

Before Rule 37 sanctions may be imposed, a party ordinarily must disobey a court order regarding discovery.  *Unigard Security Ins. Co. v. Lakewood Eng. & Mfg. Corp.*, 982 F.2d 363, 368 (9th Cir. 1992).  Dismissal is authorized only in "extreme circumstances."  *United States v. Kahaluu Const. Co.*, 857 F.2d 600, 603 (9th Cir. 1988.)  Moreover, in order to warrant imposition of these severe sanctions, the violations must be due

**4**

1  to willfulness, bad faith, or fault of the party.  *Id.*  The Court
2  is obligated to impose lesser sanctions than dismissal, if
3  feasible.

**5.  DISCUSSION**

5       "A district court must weigh five factors in determining
6  whether to dismiss a case as a punitive measure: 1. the public's
7  interest in expeditious resolution of litigation; 2. the court's
8  need to manage its docket; 3. the risk of prejudice to the
9  defendants; 4. the public policy favoring disposition of cases on
10 their merits; 5. and the availability of less drastic sanctions.
11 *Kahaluu Constr. Co.,* 857 F.2d at 603.

12      Defendants argue that dismissal of the case is the only
13 remaining sanction, since they have extended Plaintiff's counsel
14 every courtesy and opportunity to comply with discovery
15 obligations.  Despite Defendants' efforts and the Court's
16 intervention ordering compliance and issuing monetary sanctions,
17 Plaintiff's counsel still has failed to respond.  However, while
18 the failure of Plaintiff's counsel to comply is inexcusable,
19 Defendants have not shown this failure to be an "extreme
20 circumstance," or based on willfulness, bad faith, prejudice, or
21 the fault of the party.

22      Plaintiff has brought a case against Defendants under 42
23 U.S.C. § 1983 alleging a violation of her constitutional rights
24 under the Fourth and Fourteenth Amendments as well as several
25 state law claims.  It is in the public interest to quickly and
26 efficiently adjudicate allegations of constitutional
27 deprivations.  Defendants do not dispute this.  Further, while
28 the court's overburdened docket weighs in favor of dismissal,

1  Plaintiff's counsel claims that there has been full compliance
2  with the Court's discovery orders since the filing of this
3  action.

4      Defendants argue that based on the history of Plaintiff's
5  lack of compliance, they will suffer prejudice if the case is not
6  dismissed.  Defendants argue that they have not been able to
7  prepare a meaningful defense and should not be required to incur
8  otherwise unnecessary costs seeking the Court's intervention to
9  gain compliance of Plaintiff's counsel.  This prejudice may be
10 more properly addressed through the issuance of additional
11 monetary sanctions.  Plaintiff bears no responsibility for her
12 counsel's failure to comply with discovery rules.  To dismiss
13 this case would, in the alternative, prejudice Plaintiff by
14 depriving her of her day in court.  Public policy favors the
15 resolution of Plaintiff's claim on the merits where there are
16 other available sanctions to ensure the compliance of Plaintiff's
17 counsel.  With the trial date approaching, Plaintiff would be
18 placed in jeopardy.

19     The facts indicate that Plaintiff's counsel has repeatedly
20 ignored Defendants' discovery requests, the orders of this court,
21 and has not communicated.  Initially, Defendants sent three
22 letters to Plaintiff's counsel seeking cooperation in discovery.
23 All three letters were ignored, including an August 11, 2006
24 initial Rule 26 disclosure and request for discovery.  Further,
25 Plaintiff's counsel only partially responded to Defendants'
26 September 14, 2006 discovery requests by submitting late
27 interrogatory responses but no responses to requests for
28 admissions or for an extension on remaining discovery.

**6**

Plaintiff's counsel failed to comply with the October 4, 2006
order to comply with discovery requests by October 13, 2006.
Plaintiff's counsel also failed to comply by the discovery
deadline imposed by the December 13, 2006 court order, discovery
to be submitted ten days after the date of the order.  Based on
the repeated neglect of Plaintiff's counsel to respond to
discovery, a sanction for reasonable attorney's fees in the
amount of $745.00.

## 6.  CONCLUSION

Defendants' motion to dismiss under Rule 37(b)(2)(C) is
**DENIED.**  Plaintiff's counsel is ordered to pay sanctions in the
amount of $745.00.  Plaintiff is now expressly warned that any
further noncompliance with the Federal Rules of Civil Procedure
or orders of this Court will result in dismissal of the case.


IT IS SO ORDERED.

**Dated:     June 22, 2007**              _____/s/ Oliver W. Wanger_____
                                           UNITED STATES DISTRICT JUDGE